PER CURIAM.
This matter is before us on a petition against the unauthorized practice of law filed March 9,1983, pursuant to Florida Bar Integration Rule, article XVI. The petition alleged that respondent, not a member of The Florida Bar, engaged in the unauthorized practice of law by committing one or more of the following acts:
*880 1. On or about December 1, 1980, Respondent held himself out as an attorney to one John D. Schnurman, Jr., for whom Respondent prepared a last will and testament and for which services Mr. Schnurman paid Respondent the sum of $100.
2. On or about March 18, 1981, Respondent agreed to represent John D. Schnurman and Doris H. Schnurman in a civil suit brought against them by a neighbor. On or about April 21, 1981, Mr.' and Mrs. Schnurman paid Respondent $200 as a retainer, and on or about May 17, 1981, Mr. and Mrs. Schnurman paid $700 as the balance of the fee required by Respondent for representing them in the case. Subsequently, on or about July 23, 1981, Respondent gave legal advice to Mr. and Mrs. Schnurman by counseling them to enter into a joint stipulation for entry of injunction. Further, a hearing in the case was scheduled for March 10,1982, and on or about March 9, 1982, Respondent withdrew from representing Mr. and Mrs. Schnurman, which required them to incur an additional $400 in attorney fees to retain counsel for the hearing. The activities and representations of Respondent caused injury to Mr. and Mrs. Schnurman.
3. On or about October 28, 1981, Respondent, a member of the Bar of Ohio, was suspended indefinitely from the practice of law by the Supreme Court of Ohio for the violation of two separate provisions of the Code of Professional Responsibility of that jurisdiction. Subsequently, on or about July 21, 1982, Respondent stated during an investigation proceeding conducted by members of the Thirteenth Circuit Committee on the Unauthorized Practice of Law that he was currently licensed to practice law in Ohio.
The Florida Bar petitioned for this Court to issue a permanent injunction preventing respondent from engaging in the acts complained of and from otherwise engaging in the practice of law in the State of Florida while not duly licensed to practice in this state.
This Court determined that the petition demonstrated a preliminary basis for relief and on April 28, 1983, issued an order commanding respondent to show cause why the petition should not be granted. Respondent failed to respond to the order. We therefore take as true the allegations of the petition and grant the petitioner’s prayer for relief. Respondent is permanently enjoined from engaging in the acts complained of and from otherwise engaging in the.practice of law unless and until respondent becomes duly licensed to practice law in the State of Florida.
Costs in the amount of $35.00 are hereby taxed against the respondent.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, McDonald and SHAW, JJ., concur.